UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| **BAILEY TOOL &** § | Case No. 16-30503-bjh7 | |
| **MANUFACTURING COMPANY, et al.** § | Chapter 7 | |
| § | | |
| **Debtors.** § | | |
| § | | |
| **BAILEY TOOL &** § | | |
| **MANUFACTURING COMPANY,** § | | |
| **HUNT HINGES, INC. and** § | | |
| **CAFARELLI METALS, INC.,** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | Adv. No. 16-03025-bjh | |
| § | | |
| **REPUBLIC BUSINESS CREDIT, LLC,** § | | |
| § | | |
| **Defendant and Counter-Plaintiff,** § | | |

**DEFENDANT REPUBLIC BUSINESS CREDIT, LLC'S**
**SUPPLEMENT TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES, Defendant and Counter-Plaintiff Republic Business Credit, LLC ("RBC") and, pursuant to Local Rules 7 and 56, files this its Supplement to its Motion for Summary Judgment Against Plaintiffs Bailey Tool & Manufacturing Company ("Bailey Tool"), Hunt Hinges, Inc. ("Hunt"), and Cafarelli Metals, Inc. ("Cafarelli") (collectively, "Debtors") and in support of the same respectfully show the Court as follows:

**I. STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On November 25, 2019, the Trustee produced an expert report by Gregory E. Scheig (the "Scheig Report") that claims the Debtors suffered $8,858,253.00 in economic damages as a result of RBC's conduct.[1]

2. The damages described in the Scheig Report are consequential damages barred by the Agreements for Purchase and Sale between RBC and each Debtor (the "Purchase Agreement"). Section 12.5 of the Purchase Agreement states:

> Seller's sole remedy for any breach alleged to have been committed by Purchaser [RBC] of any obligation or duty owed under the Purchase Agreement, any other agreement between Seller [Debtors] and Purchaser or any duty or obligation arising out of or related to the Purchase Agreement <u>shall be limited to the Available Funds</u>, which shall be the amount five (5) days after the time notice in writing of such breach is first given to Purchaser. <u>Under no circumstances shall Purchaser [RBC] be liable for any incidental, special or consequential damages, including, but not limited to, loss of goodwill, loss of profit, or any other losses associated therewith, whether Purchaser [RBC] did or did not have any reasons to know of a loss that may result from any general or particular requirement of Seller.</u>[2]

Emphasis added.

**II. ARGUMENT AND AUTHORITIES**

**A. Consequential Damages Are Not Recoverable.**

3. Pursuant to Section 12.5 of the Purchase Agreement, the damages described in the Scheig Report are barred.[3] Debtors consented to a binding provision by and through the Purchase Agreement that expressly excludes and waives consequential damages.[4]

4. At common law, actual damages may be either "direct" or "consequential." *Arthur Anderson & Co. v. Perry Equipment Co.*, 945 S.W.2d 812, 816 (Tex. 1997). Direct damages are

---

[1] Scheig Report, Supp. App. 139.
[2] App. 109.
[3] App. 109
[4] *Id.*

those that flow naturally and necessarily from a defendant's wrongful act and compensate the plaintiff for a loss that is conclusively presumed to have been foreseen by the defendant as a usual and necessary consequence of its wrongdoing. *Id.* Lost profits may be in the form of direct damages, that is, profits lost on the contract itself, or in the form of consequential damages, such as profits on other contracts or relationships resulting from the breach. *Mood v. Kronos Prods., Inc.,* 245 S.W.3d 8, 12 (Tex. App—Dallas 2007, pet denied); accord *Cherokee County Cogeneration Partners, L.P. v. Dynegy Mktg. & Trade*, 305 S.W.3d 309, 314 (Tex. App.—Hou. [14th Dist] 2009, no pet.).

5. Debtors' alleged damages described in the Scheig Report are consequential, not direct. Scheig assumed RBC "caused the Debtors business to fail".[5] He then calculated the alleged damages using Debtors' "consolidated financial *projections* developed…as part of the restructuring plan."[6] It is based on "*forecast* revenues,"[7] "*forecast* expenses,"[8] and "margins [that] were *forecast* to increase over time, reflecting increased efficiencies and economies of scale."[9] In short, the Scheig Report assumes that a consequence of RBC's alleged failure to provide funding was that the businesses failed, and measures the impact based on speculative assumptions about how the companies would have performed over the next 5 years. It is exactly this type of consequential damage that the Purchase Agreements bar.

B. **The Damages, If Any, are Limited to "Available Funds".**

6. Furthermore, Section 12.5 of the Purchase Agreement limits any recovery to "Available Funds", as that term is defined in the Purchase Agreement. The Scheig Report completely disregards this limitation on damages.

---

[5] Supp. App. 132.
[6] Supp. App. 133.
[7] Supp. App. 134.
[8] *Id.*
[9] *Id.*

### III.  CONCLUSION

7.  For the reasons set forth above, RBC respectfully requests the Court grant summary judgment in favor of RBC on Debtors' claim for consequential damages as set forth in the Scheig Report.

Dated: December 9, 2019  Respectfully submitted,

By:  */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
Rick.Illmer@huschblackwell.com
Alex E. Brakefield
Bar No. 24105523
Alex.Brakefield@huschblackwell.com

**HUSCH BLACKWELL LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (*facsimile*)
*COUNSEL FOR REPUBLIC BUSINESS CREDIT, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2019, a true and correct copy of the foregoing was served to the following counsel of record via electronic mail:

Jerry Kenneth Johnson, II
kjohnson@martinwaltonlaw.com
MARTIN WALTON LLP
1335 Space Park Drive, Suite C
Houston, Texas 77058
*Attorney for John Buttles*

Michael R. Rochelle
buzz.rochelle@romclaw.com
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
*Attorney for John Buttles*

Jerry C. Alexander
alexanderj@passmanjones.com
PASSMAN & JONES, PC
2500 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
*Attorney for Trustee James W. Cunningham*

Daniel J. Sherman
djsherman@syllp.com
SHERMAN & YAQUINTO
509 N. Montclair Avenue
Dallas, Texas 75208-5498
*Attorney for Trustee James W. Cunningham*

Andrew Sommerman
asommerman@textrial.com
Sean McCaffity
smccaffity@textrial.com
SOMMERYMAN & QUESADA, L.L.P.
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219
*Attorneys for Trustee James W. Cunningham*

                                          */s/ Richard A. Illmer*
                                          Richard A. Illmer